IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ROMERO ALI**[1]                                                                              **PETITIONER**
*Reg #22079-043*

**V.**                           **CASE NO. 2:22-cv-00164-KGB-JTK**

**JOHN P. YATES,**
*Warden, FCI-Forrest City*                                                     **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This Recommendation for dismissal has been sent to District Judge Kristine G. Baker. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### I.  Introduction

Petitioner Ali Romero, an inmate at the Federal Correctional Institution ("FCI") in Forrest City, Arkansas, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. No. 1) Mr. Ali is currently serving a 48-month sentence at FCI. Mr. Ali challenges the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. Specifically, he argues that he is entitled to First Step Act time credits and credit for pretrial home incarceration towards his

---

[1] The Clerk's office is directed to update Petitioner's name to "Romero Ali" rather than "Ali Romero."

sentence. Respondent, Warden John Yates, contends that Mr. Ali has failed to exhaust his administrative remedies and that he is not entitled to credit for pre-trial home incarceration. For the reasons stated below, the Court recommends that Mr. Ali's petition be dismissed without prejudice.

## II. Background

On February 24, 2022, the United States District Court for the Southern District of Mississippi sentenced Mr. Ali to 48 months' imprisonment and five years of supervised release in case number 2:20-CR-18. (Doc. No. 7-1, p. 8; Doc. No. 7-2)

Mr. Ali claims that the BOP should grant him credit for the time he spent in pre-trial home incarceration from June 5, 2020 through October 21, 2021. Additionally, Mr. Ali claims that the BOP has miscalculated his First Step Act time credits and he is entitled to 840 days of time deducted from his sentence. To date, Mr. Ali has received 50 First Step Act time credits applied to his sentence. (Doc. No. 7-5)

## III. Discussion

### a. Exhaustion of Administrative Remedies

Prisoners are generally required to exhaust their administrative remedies before filing a petition pursuant to § 2241. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000)) (per curiam). Administrative exhaustion in this context "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal citations omitted).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff. (Doc. No. 7, p. 2) If the inmate is dissatisfied with the result

of the informal process, he may then pursue a three-step formal grievance process. In the formal process, the prisoner appeals to the Warden; then to the Regional Director; and last, to the Office of General Counsel. *Id.* "A prisoner's administrative remedies are not considered exhausted until his grievance has been filed and denied at each step." *Bullock v. Beasley*, No. 2:18-CV-84-BSM-BD, slip op. at 2 (E.D. Ark. 2018); 2019 WL 4997676, at *2. "Exhaustion, however, is not required if it would be futile." *Id.* (citing *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 552 U.S. 1121 (2008) (addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies, because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional")).

Mr. Ali admits in his petition that he has failed to exhaust his administrative remedies for challenging the calculation of his First Step Act time credits. (Doc. No. 1, p. 5) In his Response, Mr. Yates asserts that though Mr. Ali has filed three grievances with the BOP, these are all concerning seeking credit for his pretrial home incarceration. (Doc. No. 7, p. 4) In his Reply to Mr. Yates's Response, Mr. Ali submits documentation of Informal Resolution Attempts in an attempt to rebut Respondent's position that Mr. Ali has failed to exhaust his administrative remedies. (Doc. No. 10) However, as asserted by Respondent, this documentation appears to only be related to Mr. Ali's request that his time spent in pre-trial home incarceration should be applied towards his sentence, not challenging the calculation of his First Step Act time credits.

Mr. Ali asserts that exhaustion of his administrative remedies is not necessary because it would be futile. (Doc. No. 10) He has not demonstrated to the Court why he feels that would be the case. While the Court commends Mr. Ali for participating in recidivism reduction programs while incarcerated and understands his desire for that participation to be translated into credits applied to his sentence, the exhaustion process is not a step that can or should be skipped. The

requirement for exhaustion "plays a critical role in the remedy process for both the BOP and the inmates." *See Phillips v. Yates*, No. 2:23-CV-00100-JJV, 2023 WL 4194518, at *2 (E.D. Ark. June 26, 2023) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). It is only after Mr. Ali completes all of the BOP's administrative remedy steps, and the BOP is able to address his issues on the merits, that he may seek judicial review. Because he has failed to exhaust his administrative remedies regarding the application of First Step Act credits to his sentence prior to seeking judicial review, these claims must be dismissed without prejudice.

b. **Credit for Pre-Trial Home Incarceration**

Mr. Ali also claims that the time he spent in pretrial home incarceration should be credited towards his sentence. (Doc. No. 10) Even if Mr. Ali had exhausted his administrative remedies regarding this claim, it would still fail on the merits.

The Bureau of Prisons has exclusive jurisdiction to determine sentence credit issues. *See United States v. Wickman*, 955 F.2d 592, 593 (8th Cir. 1992) (en banc) (per curiam). Title 18 U.S.C. § 3585(b) provides that a defendant must generally "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Before the commencement of Mr. Ali's federal sentence, a Mississippi federal court "released" him on bail and ordered him to home detention with electronic monitoring. The question presented is whether Mr. Ali was in "official detention," and thus entitled to a sentence credit under § 3585(b) during the time he spent in home detention. The Court holds that he was not.

Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

>> (a) Commencement of Sentence.—
>
> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

In *Reno v. Koray*, the United States Supreme Court agreed with the Government that the phrase "official detention" in § 3585(b) referred "to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." 515 U.S. 50, 56 (1995). "A defendant admitted to bail on restrictive conditions, as [defendant] was, is 'released.'" *Id.* at 57. House arrest as a condition of pre-trial release does not constitute "'official detention' within the meaning of § 3585(b)." *United States v. Wickman*, 955 F.2d at 593. *See also Starchild v. Federal Bureau of Prisons*, 973 F.3d 610, 611 (8th Cir. 1992) (a private residence is not a jail-type facility; Starchild not entitled to a credit towards his sentence for time spent on bond under a "highly restricted house arrest," where he alleged his house was turned into the functional equivalent of a jail because he was not allowed to leave the house except to go to the probation office or court and his two custodians, responsible to the court for his supervision, were required

to be with him twenty-four hours per day); *United States v. Harris*, 318 Fed. App'x 444, 446 (8th Cir. 2009) (citing *United States v. Wickman*, 955 F.3d at 593) ("house arrest imposed as a condition of pre-trial release is not 'official detention' within the meaning of [18 U.S.C.] § 3585(b)"). Mr. Ali's federal sentence commenced when he was taken into custody after his sentencing hearing on February 24, 2022. The BOP prepared a sentence computation for Mr. Ali, giving him prior jail time credit for his time spent in custody from February 28, 2020 through March 2, 2020, from June 2, 2020 through June 5, 2020, and from October 21, 2021 through February 23, 2022. (Doc. No. 7-3) The BOP has properly denied Mr. Ali credit for time not spent in official detention, and, therefore, this claim should be denied and dismissed with prejudice.

## IV.   Conclusion

Mr. Ali has failed to exhaust his administrative remedies. Additionally, his claims regarding his pretrial incarceration being credited towards his sentence fail on the merits. Accordingly, the Court recommends that Romero Ali's petition for a federal writ of habeas corpus (Doc. No. 1) be denied, and this case be dismissed.

IT IS SO ORDERED this 7th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE